Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| WELLS FARGO ADVISORS LLC, | : | |
| | : | |
| Petitioner, | : | Civil Action No.: |
| | : | |
| v. | : | **ORAL ARGUMENT REQUESTED** |
| | : | |
| REAGAN TUCKER, BENJAMIN | : | |
| DOOLEY, and MARVIN GLASGOLD, | : | |
| | : | |
| Respondents. | : | |

---

### PETITION TO VACATE CLAUSE CONSTRUCTION AWARD

Petitioner, by and through its undersigned attorneys, hereby seeks an Order to vacate the June 28, 2018 Clause Construction Award (the "Award") in the American Arbitration Association ("AAA") Case No. 01-15-0004-3424 and order Reagan Tucker, Benjamin Dooley, and Marvin Glasgold to proceed with their individual claims in a non-class action proceeding. In support of its Petition, Petitioner states as follows:

## The Parties

1.      Petitioner, Wells Fargo Advisors LLC (hereinafter, "Wells Fargo" or "Petitioner"), is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 North Jefferson Avenue, St. Louis, Missouri 63103.

2.      Upon information and belief, Respondent Reagan Tucker is a resident of Arlington, Texas.  Tucker was employed by Wells Fargo from approximately March 18, 2013 to August 17, 2013.

3.      Upon information and belief, Respondent Benjamin Dooley is a resident of Garfield, New Jersey. Dooley was employed by Wells Fargo from approximately May 9, 2012 to August 16, 2012, and then again from December 18, 2012 to May 4, 2013.

4.      Upon information and belief, Respondent Patrick LaBorde is a resident of a resident of Lake Grove, New York. Glasgold was employed by Wells Fargo from approximately July 18, 2011 to January 10, 2012.

## Jurisdiction and Venue

5.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, as Petitioner seeks relief pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 10, and Respondents have alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in their arbitration.  Accordingly, this Court possesses federal question jurisdiction.

6.      This Court has supplemental jurisdiction of the New York Labor Law claims pursuant to 28 U.S.C. §1367, as the New York Labor Law claims arise out of the same nucleus of operative facts, namely, Respondents' employment with Petitioner.

7.      Venue is proper in this district because Respondents have filed their arbitration in New York, New York.

## Factual Allegations

**Respondents Tucker, Dooley, and Glasgold File for Class Arbitration, And Petitioner Moves to Compel Individual Arbitration**

8.      In consideration for their employment with Wells Fargo as "Financial Advisor Trainees," each Respondent executed a New Financial Advisor Training Agreement ("Agreement").  Under the Agreements, Respondents each agreed to arbitrate "any controversy" with Wells Fargo. Declaration of Kenneth J. Turnbull ("Turnbull Decl."), Exs. 1-3.

9.      On July 23, 2015, Respondents filed a Statement of Claim with the AAA, seeking unpaid overtime from Wells Fargo under the FLSA and New York Labor Law and purporting to pursue claims through a class action on behalf of others who are not signatories to their agreements and have not consented to allow Claimants to pursue their claims.  Turnbull Decl., Ex. 4.

10.     On September 30, 2015, Wells Fargo petitioned this Court to compel each Respondent to arbitrate their individual claims on an individual, bilateral basis consistent with the terms of his or her Agreement.  Turnbull Decl., Ex. 5.

11.     On July 1, 2016, the Court issued an Opinion and Order denying Wells Fargo's petition, declining to decide whether class arbitration was available under the Agreements, and delegating that inquiry to the arbitrator.  Turnbull Decl., Ex. 6

12.     On November 14, 2016 Wells Fargo noticed the appeal of the July 1, 2016 Opinion and Order, and on March 30, 2018, the judgment of the District Court was affirmed by the Second Circuit Court of Appeals.  Turnbull Decl., Exs. 7-8.

**The Arbitrator's Clause Construction Award**

2

13.     On June 28, 2018, following briefing, Edith Dinneen issued the Award.  Turnbull Decl., Ex. 9.

14.     The Award incorrectly found that the Agreements permit the Claimants to pursue their claims, as well as the claims of other non-signatories, through class and collective action procedures.  *Id.* at 21.

15.     The arbitrator stayed further proceedings for thirty days in order to allow the parties to seek judicial review.  *Id.*

16.     In support of this Petition, Wells Fargo relies on its accompanying Memorandum of Law, which is incorporated herein by reference.

### Prayer for Relief

17.     This Petition is properly before this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which specifically authorizes the Court, upon Petition, to enter an Order vacating an arbitrator's award where that arbitrator has exceeded his authority.  *See* 9 U.S.C. § 10.

18.     The law of the Second Circuit authorizes this Court to enter an Order vacating an arbitrator's award where the award demonstrates manifest disregard of the law.  *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir. 1997).

19.     The parties' agreement to arbitrate the claims covered by the Agreements is enforceable in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which specifically authorizes this Court, upon Petition, to enter an Order directing that arbitration proceed in the manner provided for in the arbitration agreement.  *See* 9 U.S.C. § 4.

20.     The parties' agreement to arbitrate the claims covered by the Agreement is also enforceable by this Court pursuant to New York C.P.L.R. § 7503, which authorizes this Court to

enforce an agreement to arbitrate through the issuance of an Order compelling arbitration in the manner specified in the Agreement.

21.     The FAA authorizes courts to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  The parties did not agree to arbitrate any claims of non-signatories on a class wide basis. Therefore, this Court should order Respondents to arbitrate their claims on an individual basis.

**WHEREFORE,** Petitioner Wells Fargo requests that the Court enter an Order:

A.  Vacating the June 28, 2018 Arbitration Award issued in AAA Arbitration No. 01-15-0004-3432, which authorized classwide arbitration;

B.  Directing Respondents that they must arbitrate their claims on an individual, non-class action basis; and

C.  Awarding Petitioner such other and further relief as the Court may deem just and proper.

Dated:  July 27, 2018                    Respectfully submitted,

                                         MORGAN, LEWIS & BOCKIUS LLP

                                         /s/ Kenneth J. Turnbull
                                         Kenneth J. Turnbull
                                         Ashley J. Hale
                                         Peter Shadzik
                                         Morgan, Lewis & Bockius LLP
                                         101 Park Avenue
                                         New York, New York 10178
                                         Telephone:  212.309.6055
                                         Facsimile:  212.309.6001
                                         kenneth.turnbull@morganlewis.com

                                         *Attorneys for Petitioner*

4